UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JOSHUA JOHNSON                                CIVIL ACTION

VERSUS                                        NO: 09-2812

BLUE MARLIN SERVICES OF                       SECTION: "A" (2)
ACADIANA, LLC, ET AL.

**ORDER AND REASONS**

Before the Court is a **Motion for Partial Summary Judgment (Rec. Doc. 60)** filed by defendant Blue Marlin Services of Acadiana, LLC ("Blue Marlin"). Plaintiff Joshua Johnson opposes the motion. The motion, set for hearing on April 28, 2010, is before the Court on the briefs without oral argument. For the reasons that follow, the motion is GRANTED IN PART AND DENIED IN PART.

**I. BACKGROUND**

Plaintiff Joshua Johnson was employed as a cook aboard the M/V CREOLE FISH. On January 22, 2009, the CREOLE FISH allided with an unlit platform owned by Chevron. The impact knocked Johnson from his bunk and he claims to have seriously injured his neck, shoulder, and back. Defendant Hercules Drilling Co. owned and operated the CREOLE FISH. Defendant Blue Marlin was Johnson's employer.

Johnson filed suit against Blue Marlin for negligence under

1

the Jones Act, for unseaworthiness under general maritime law, and for maintenance and cure. Blue Marlin now moves for summary judgment as to Johnson's Jones Act and unseaworthiness claims.[1] This matter will be tried to a jury on June 21, 2010.

**II. <u>DISCUSSION</u>**

Blue Marlin recognizes that there is likely a fact issue as to what caused the allision and there is evidence to suggest that the CREOLE FISH might have suffered from a malfunctioning GPS, an outdated radar system, and insufficient navigational aids. Nevertheless, Blue Marlin contends that there is no evidence to suggest that Blue Marlin was negligent in any way or that its negligence contributed to Johnson's injuries. Blue Marlin points out that it had no control over the actions of the vessel's crew and that it had no knowledge of a defect in the vessel. Blue Marlin recognizes that its duty to provide a safe work place extends to third-party vessels, but it contends that liability cannot attach unless it had notice of an unsafe condition in the vessel and an opportunity to correct it.

In opposition, Johnson argues that Blue Marlin knew or should have known that the CREOLE FISH was not a safe place to work. Johnson contends that even a cursory inspection of the vessel would have revealed the lack of navigational maps, for

---

[1] Johnson concedes that he has no claim against Blue Marlin for unseaworthiness because it did not own, operate, or charter the CREOLE FISH. The motion will be granted as to that claim.

instance.

Blue Marlin replies that there is no legal support for the proposition underlying Johnson's argument, i.e., that it had an affirmative duty to inspect Hercules' vessel.  Blue Marlin points out that the vessel was properly documented with the Coast Guard and equipped with a licensed crew.

The law is well-settled in that a Jones Act employer has an absolute and non-delegable duty to furnish the seamen in its employ with a safe place in which to work.  Sanford v. Caswell, 200 F.2d 830, 832 (5th Cir. 1953).  The law is also well-settled that this duty includes a duty to inspect third-party property for hazards and to protect the employee for possible defects. Davis v. Hill Eng'r, Inc., 549 F.2d 314, 329 (5th Cir. 1977) (quoting Nivens v. St. Louis S.W. Ry. Co., 425 F.2d 114, 118-19 (5th Cir. 1970)), overruled on other grounds by Gautreaux v. Scurlock Marine, Inc., 107 F.3d 331 (5th Cir. 1997).  In other words, an employer has the duty to inspect third-party ships to which it sends its employees to work upon.  Roulston v. Yazoo River Towing, Inc., 418 F. Supp. 2d 851, 856 (S.D. Miss. 2006). If, by a reasonable inspection the employer could have discovered the unsafe condition, then the employer will be charged with notice of that condition.  Id. (citing Ribitzki v. Canmar Reading & Bates, 111 F.3d 658, 664 (9th Cir. 1997)).  "The employer may protect itself by simply refusing to permit its employees from

3

going on the property." Davis, 549 F.2d at 329 (quoting Nivens, 425 F.2d at 118-19).

But the Jones Act is not a strict liability scheme--liability only attaches based on fault. See Simeon v. T. Smith & Son, Inc., 852 F.2d 1421, 1431 (5th Cir. 1988). In that vein, the law is clear that the Jones Act employer must have notice and the opportunity to correct an unsafe condition before liability attaches. Colburn v. Bunge Towing, Inc., 883 F2d 372, 374 (5th Cir. 1989) (citing Perry v. Morgan Guar. Trust Co., 528 F.2d 1378, 1380 (5th Cir. 1976)). The standard of care is not "what the employer subjectively knew, but rather what it objectively knew or should have known." Id. (quoting Turner v. Inland Tugs Co., 689 F. Supp. 612, 619 (E.D. La. 1988)).

Summary judgment is appropriate only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," when viewed in the light most favorable to the non-movant, "show that there is no genuine issue as to any material fact." TIG Ins. Co. v. Sedgwick James, 276 F.3d 754, 759 (5th Cir. 2002) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986)). A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Id. (citing Anderson, 477 U.S. at 248). The court must draw all justifiable inferences in favor of the non-moving party. Id.

(citing Anderson, 477 U.S. at 255).  Once the moving party has initially shown "that there is an absence of evidence to support the non-moving party's cause," Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986), the non-movant must come forward with "specific facts" showing a genuine factual issue for trial.  Id. (citing Fed. R. Civ. P. 56(e); Matsushita Elec. Indus. Co. v. Zenith Radio, 475 U.S. 574, 587 (1986)).  Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial. Id. (citing SEC v. Recile, 10 F.3d 1093, 1097 (5th Cir. 1993)).

It is undisputed that Blue Marlin did not inspect the CREOLE FISH prior to sending its employee to work aboard the vessel. For purposes of this motion the Court will credit Johnson's assertion that a reasonable inspection of the vessel would have revealed at least some of the deficiencies that allegedly made the vessel unsafe.  And if we assume that a reasonable inspection of the vessel would have revealed the unsafe condition then Blue Marlin would have had constructive notice of the unsafe condition *had it actually performed an inspection*.  The question then is whether Blue Marlin can escape constructive notice, and potentially liability altogether, by simply declining to perform an inspection of a third-party vessel.

Clearly, that question must be answered in the negative.  As

explained above, the law in this circuit is clear and well-settled in that a Jones Act employer's duty to provide its seaman a safe place to work is so broad that it extends to a third-party vessel when the seaman's duties for the employer require him to be aboard that vessel. It is beyond cavil that this broad duty is imposed for the benefit of seamen, for their safety and protection. Allowing the employer a "no notice" defense when it has declined to inspect a third-party vessel would be contrary to the purpose of the broad safe workplace duty as it would simply encourage employers to avoid third-party inspections altogether. Thus, it is clear to this Court that Blue Marlin cannot benefit from its own failure to inspect a third-party vessel.

Blue Marlin questions Johnson's lack of legal support for his implicit assertion that Blue Marlin had a duty to inspect a vessel that it did not own or control and that was properly documented with the Coast Guard, particularly when Blue Marlin had no notice of an unsafe condition. To the contrary, the law is clear that a Jones Act employer's duty to provide a safe work place extends to third-party vessels. The cases that discuss that duty do so in extremely broad terms and they utterly fail to support Blue Marlin's assertion that it had no duty to inspect the third-party vessel. See, e.g., Davis, 549 F.2d at 329; Nivens, 425 F.2d at 118-19; Roulston, 418 F. Supp. 2d at 856; Tabor v. Gaubert Oil Co., No. 06-9998, 2008 WL 88667, at *2 (E.D.

La. Jan. 7, 2008). An employer may very well be required to inspect a vessel that it does not own or operate in order to fulfill his own duty of providing a safe place to work. And the cases do not suggest that the employer escapes its duty altogether by relying upon Coast Guard documentation or that the duty is only triggered when the employer is affirmatively given notice of an unsafe condition.

That said, Johnson's case against Blue Marlin is not an "open and shut" one simply because Blue Marlin did not inspect the CREOLE FISH. Jones Act liability is not strict liability but rather it is grounded upon a finding of negligence. Johnson must still prove that some fault on the part of Blue Marlin caused his injuries. Assuming that Johnson proves that an unsafe condition on the vessel contributed to his injuries, then he may very well be able to convince the jury that a reasonable inspection by Blue Marlin would have revealed the allegedly unsafe condition on the vessel and perhaps prevented his injuries. It is for the trier of fact to determine whether the allegedly unsafe condition should have been discovered by Blue Marlin based upon a reasonable inspection. And the fact that the vessel was properly documented, equipped with a licensed crew, and that Blue Marlin had no reason to suspect an unsafe condition are all factors for the trier of fact to weigh when making that determination. If an inspection by Blue Marlin would have been futile then clearly the

lack of one would not be an omission upon which liability can be based.

In sum, Blue Marlin is not entitled to judgment as a matter of law on Johnson's Jones Act claim.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion for Partial Summary Judgment (Rec. Doc. 60)** filed by defendant Blue Marlin Services of Acadiana, LLC is **GRANTED IN PART AND DENIED IN PART.** The motion is **GRANTED** as to the unseaworthiness claim and **DENIED** as to the Jones Act claim.

May 13, 2010

JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE